Ex parte GROVER HARRISON et al.

No. A-10121.   Sept. 10, 1941.

(117 P. 2d 177.)

450

Hubert Hargrave and W. A. Billingsley, both of Wewoka, for petitioners.

Mac Q. Williamson, Atty. Gen., and Roy P. Parham, Co. Atty., of Okemah, for the State.

BAREFOOT, P. J. Petitioners, Grover Harrison, Frank Loftis, Innis Clinton Woodard, and Dan Fry, filed in this court on the 8th day of August, 1941, their petition for writ of habeas corpus alleging that they were unlawfully imprisoned in the county jail of Okfuskee county by J. W. Kennedy, sheriff of said county; that the cause of said restraint was that they had been charged by complaint filed before a justice of the peace in said county with the crime of robbery with firearms, and at the preliminary hearing on said charge they had been held for appearance before the district court of Okfuskee county without bail; that said petitioners filed an application for a writ of habeas corpus before the district court of Okfuskee county, and that said court had also denied petitioners the right of bail pending the hearing of said charge in the district court. It was further alleged that the evidence produced did not show that the proof of guilt was evident nor the presumption thereof great, and that they were entitled under the law to bail pending the hearing of their case in the district court of Okfuskee county.

The transcript of the evidence taken at the preliminary hearing and considered by the district court was

attached to the petition. Upon presentation of the petition, all parties being present, a hearing was had on the same. Petitioners, in addition to the transcript of the evidence taken at the preliminary hearing, placed upon the witness stand the petitioner Grover Harrison, and the state presented the testimony of Hon. Walter Johnson, commissioner of public safety. After said hearing, the court was of the opinion that, under the law and facts as presented, petitioners were entitled to bail pending the trial in district court of Okfuskee county. An order was made and entered on that date, August 8, 1941, admitting petitioner Grover Harrison to bail in the sum of $15,000, and petitioners Frank Loftis, Innis Clinton Woodard, and Dan Fry were admitted to bail in the sum of $10,000 each, said bond to be filed and approved by the court clerk of Okfuskee county.

Petitioners in this case are charged with robbery with firearms. It is the outgrowth of a charge of taking intoxicating liquor from the possession of another of the value of $1,800. The statute under which petitioners were charged was Oklahoma Statutes 1931, section 2543, 21 O. S. A. § 801, which is as follows:

"Any person or persons who, with the use of any firearms or any other dangerous weapons, attempts to rob or robs any person or persons, or who robs or attempts to rob any place of business, residence or banking institution or any other place inhabited or attended by any person or persons at any time, either day or night, shall be guilty of a felony, and, upon conviction therefor, shall suffer punishment by death, or imprisonment, at hard labor, in the State Penitentiary, for a period of time of not less than five years, at the discretion of the court, or the jury trying the same."

The petitioner Grover Harrison was placed upon the witness stand at the hearing before the court and denied

participation in the commission of the crime. He was fully cross-examined by the county attorney of Okfuskee county.

The rule is well settled that on an application for admission to bail by one held under a commitment in a capital case, the burden of proof is on the petitioner to show that the proof of his guilt is not evident nor the presumption thereof great. Without a further discussion of the evidence and circumstances, we deem it sufficient to say that we are of the opinion that the petitioners were entitled to be admitted to bail pending trial in the district court of Okfuskee county, and the order made on the 8th day of August, 1941, is hereby confirmed.

JONES, J., concurs.